**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00925-NYW

A.T.,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
KRISTI NOEM, in her official capacity,[1]
TODD LYONS, in his official capacity, and
PAMELA BONDI, in her official capacity,

    Respondents.

---

**ORDER**

---

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus (the "Petition"), [Doc. 1], and Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction (the "Motion for Temporary Restraining Order"), [Doc. 7].

Petitioner A.T. ("Petitioner") is a Honduran woman who has been detained by the Department of Homeland Security since March 14, 2024. [Doc. 1 at ¶¶ 1–2]. On

---

[1] The caption of the Petition names "Markwayne [Mullin]" in his official capacity as Acting United States Secretary of the Department of Homeland Security. [Doc. 1 at 1]. However, Senator Mullin is not set to become the DHS Secretary until March 31, 2026. *See* Alexandra Marquez, Monica Alba, Melanie Zanona, Jonathan Allen, Julie Tsirkin and Frank Thorp V, *Trump fires Kristi Noem as homeland security secretary*, NBC News (March 5, 2026), https://www.nbcnews.com/politics/trump-administration/trump-says-kristi-noem-stepping-homeland-security-secretary-rcna248719. Accordingly, at this juncture, the Court automatically substitutes in the current DHS Secretary as a Respondent in this case, *cf.* Fed. R. Civ. P. 25(d), while understanding that Secretary Noem will be automatically substituted when she is formally replaced.

December 19, 2024, she was granted a bona fide determination and a stay of removal while the United States Citizenship and Immigration Services adjudicates her application for a visa. [*Id.* at ¶ 24]. Her claim for asylum was denied by an immigration judge, and an appeal of that denial is pending. [*Id.* at ¶¶ 25–26]. Petitioner argues that her detention violates the Administrative Procedure Act and her Fifth Amendment procedural and substantive due process rights. [*Id.* at ¶¶ 154–67]. Among other relief, she seeks a writ of habeas corpus ordering her immediate release or, alternatively, a bond hearing. [*Id.* at 48].

In the Motion for Temporary Restraining Order, Petitioner asks the Court to "order her immediate release, or, in the alternative, that she be presented before a neutral adjudicator within seven days of this Court's order to determine whether her continued detention serves a legitimate purpose." [Doc. 7 at 6]. The request for an order preventing her transfer or removal expressly asks for ex parte relief. *See* [*id.* at 23–24]. Since it is not clear that service has been effectuated, the Court treats the entirety of the Motion for Temporary Restraining Order as a request for ex parte injunctive relief.[2]

Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may be issued without notice to the opposing party "only if" (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition,"

---

[2] Petitioner filed a Proof of Service "evidencing that she has appropriately served Respondents," alongside certified mail receipts reflecting that the Petition was submitted to Respondents via certified mail the afternoon of March 6, 2026. [Doc. 9 at 2]. Because there is no indication that Respondents have received those documents, the Court treats the Motion as requesting ex parte relief in its entirety. *See Klein v. Williams*, 144 F.R.D. 16, 19 (E.D.N.Y. 1992) ("Service by mail of a summons and complaint is effective upon receipt, . . . not upon mailing.").

2

and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Petitioner has not complied with this second requirement, and thus, the Court is unable to issue injunctive relief without notice to Respondents. Accordingly, the Motion for Temporary Restraining Order is respectfully **DENIED without prejudice**, with leave to re-file if appropriate.

However, the Court nevertheless concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so. The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No.

3

11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, upon review of the Petition, it is **ORDERED** that Petitioner shall file proof of service of the Petition on Respondents as soon as practicable. Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).

Accordingly, it is **ORDERED** that:

(1) Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. 7] is **DENIED without prejudice**, with leave to re-file if appropriate;

(2) Petitioner shall file proof of service of the Petition on Respondents as soon as practicable**;**

(3) Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted; and

(4)     Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED: March 6, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge